IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHNNETT H.,[1]  )
 )
      **Plaintiff,**  )
 )   **CIVIL ACTION**
v.  )
 )   No. 22-2260-JWL
KILOLO KIJAKAZI,  )
Acting Commissioner of Social Security,  )
 )
      **Defendant.**  )
_____  )

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Supplemental Security Income (SSI) benefits pursuant to sections 1602 and 1614, Title XVI of the Social Security Act, 42 U.S.C. §§ 1381a, and 1382c (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

**I.    Background**

Plaintiff protectively filed an application for SSI benefits on August 20, 2019. (R. 12, 198-206). After exhausting administrative remedies before the Social Security

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Plaintiff claims the agency is biased and making fun of her or mocking her and "adding things in [her] claim [she] never said" while, after multiple applications for Social Security Disability Insurance and/or SSI benefits, her health has gotten worse.  (Pl. Br. 1-2).

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it."  I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord,

Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

      The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).  The court addresses the errors alleged in Plaintiff's Social Security Brief.

**II.    Discussion**

The court notes that Plaintiff is proceeding pro se.  A pro se litigant's submissions are entitled to a liberal reading, and consequently the court will make allowances for the pro se litigant's failure to cite proper legal authority, her confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments.  Weaver v. Astrue, 353 F. App'x. 151, 154 (10th Cir. Nov. 18, 2009).

As Plaintiff suggests in her Brief, she has been pursuing disability benefits since January 12, 2010 when she protectively filed an application pursuant to Title II followed by a Title XVI application on November 24, 2010.  (R. 33) see also (Pl. Br. 1).  Those

applications were denied in an ALJ decision dated October 12, 2011.  Id. at 30-45.  Since then, the SSA has denied Plaintiff's additional applications in three more decisions including the decision at issue here.  (R. 49-71 (March 26, 2015); 79-97 (July 6, 2018); and 9-28 (June 30, 2021)).  The first and third decisions were not appealed beyond the Appeals Council (R. 46-48, 98-103) but the second ALJ decision was affirmed on appeal to this court on July 26, 2017.  Id. 78.  The fourth ALJ decision is now on appeal before this court and although Plaintiff failed timely to file her complaint in this court, the Appeals Council granted an extension of time to commence this civil action.  (R. 1).

      Plaintiff includes a copy of page 2 of 7 of Exhibit D2E (R. 229) as page 4 of her Brief and argues, "#4 question & answer, Uncorrect, [sic] I never said that, that never happened!  I was let go because of all the sick leave from migraines.  They conjure up that paperwork how they want to."  (Pl. Br. 3).  The page copied in Plaintiff's Brief is the second page of a Disability Report – Adult at Exhibit D2E in the record (R. 228-34).  Question 4 asks, "are you currently working?"  (R. 229).  The answer on the form, which Plaintiff alleges is incorrect and she never said is, "No, I have stopped working."  Id.  Plaintiff, on the copy of this page in her Brief inserted that she "was laid off because of migraines."  (Pl. Br. 4).  Section 4.C. of the form is titled, "If you have stopped working," the second question of that section asks "Why did you stop working?," and the response on the form is, "Because of my condition(s)."  (R. 229).  Section 4.D. asks, "Did your condition(s) cause you to make changes in your work activity?"  Id.  The response on the form is "No," but in her Brief, Plaintiff inserted "Yes" and explained, "I had to change

where I sat because of the bright lights[:] never averaged 40 hrs week (worked 3-4 days a week)." (Pl. Br. 4).

The court notes that section 2.F. of the form (also included in the page copied in Plaintiff's Brief) asks, "Who is completing this report?" and the response is, "The disabled person listed in 1.A." (R. 229). Section 1.A. contains the first and last name of the Plaintiff. Id. at 228. The court recognizes the Disability Report – Adult form at Exhibit D2E as a form used in every disability case apparently as a beginning point for the agency to begin to understand and address a claimant's allegations. Moreover, the form now appears to be from an online interactive form which leads the claimant through a series of questions to insure that all relevant information is gathered and information extraneous to the initial needs of the agency is neither sought nor provided. Although Plaintiff alleges she never provided certain answers on the form and implies that certain answers were changed after she responded, she does not allege she never completed the form, and the form contains a response indicating she completed the form personally. Moreover, Plaintiff's argument she never said that she merely stopped working but stated she was laid off because of her migraines is accounted for in the form by Section 4.C. wherein it was reported that she stopped working because of her condition. Beyond her statement, Plaintiff provides no conclusive evidence her form was changed. Moreover, assuming the form was somehow changed, it does not appear to be a material change which would change the ALJ's view of the evidence or the outcome of the decision.

Further, Plaintiff's apparent objection to the Commissioner's characterization in her Answer of a portion of Plaintiff's Complaint as "a Prayer for Relief to which no

response is deemed necessary" and objection to the Commissioner's further assertion in her Answer that she "prays for judgment dismissing with prejudice the Complaint" seem merely to be misunderstandings of the meaning of a prayer before the court.  (Pl. Br. 5, 6) (consisting of a copy of the Commissioner's Answer with the language quoted above underlined).  The underlines inserted on the copy of the Commissioner's Answer appear to relate to Plaintiff's statement in her Brief, "Underlined is the proof (evidence) of Social Security mocking me like they have been all along.  Bullying[,] etc."  (Pl. Br. 4). The Commissioner also appears to understand Plaintiff's objections to relate to her statement the agency was "making [fun?] of my religion, talking about me like you wouldn't want no one talking to your momma."  Id. at 1.  A prayer to the court, in layman's terms, however, is merely a request for the court to do something. The Commissioner's statement that a part of Plaintiff's Complaint was a "Prayer for Relief" merely asserts that Plaintiff was asking the court to provide the relief she requested, and her statement that she "prays for judgment dismissing with prejudice the Complaint" merely asks the court to decide in her favor and dismiss the Complaint.  There is simply no bullying, harassment, or intimidation contained within the language underlined.

If Plaintiff's complaint includes a further allegation of bias as alleged by the Commissioner, that must also fail.  As the Commissioner argues,

> The Court [sic] must start from the presumption that administrative adjudicators exercise their decision-making authority with honesty and integrity.  Withrow v. Larkin, 421 U.S. 35, 47 (1975); accord Schweiker v. McClure, 456 U.S. 188, 195 (1982) (the court must start from the presumption that hearing officers, who serve in a quasi-judicial capacity similar to that of ALJs, are unbiased).  To overcome that presumption, Plaintiff must bring forth actual evidence of bias.  McClure, 456 U.S. at

195 (a claimant can rebut the presumption that hearing officers, who serve in a quasi-judicial capacity similar to that of ALJs, are unbiased by showing the hearing officer had a conflict of interest or by showing some other specific reason for disqualification).

(Comm'r Br. 14). Plaintiff has presented no evidence of actual bias.

Moreover, Plaintiff's Brief points to no error in the legal standard applied or in the findings of the ALJ. Left with nothing more, the court has reviewed the decision, finds the correct standards have been applied, and that substantial evidence supports the ALJ's findings. Plaintiff has shown no error in the decision at issue.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated May 23, 2023, at Kansas City, Kansas.

s/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**